FILED

MAY 3 1 2016

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| UNITED STATES OF AMERICA | ) | Criminal No. 2:16cr 81 |
|---|---|---|
| | ) | |
| | ) | 18 U.S.C. § 1594(c) |
| v. | ) | Conspiracy to Engage in |
| | ) | Sex Trafficking of a Child |
| TRAVIS C. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

CRIMINAL INFORMATION

THE UNITED STATES ATTORNEY CHARGES THAT:

Between on or about March 16, 2016 to on or about March 19, 2016, within the Eastern District of Virginia, and elsewhere, TRAVIS C. BROWN, defendant herein, did combine, conspire, confederate, and agree with other persons, to knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain and maintain by any means, a person, knowing and in reckless disregard of the fact that the person had not attained the age of 18 years and would be caused to engaged in a commercial sex act, in violation of Title 18, United States Code, Sections 1591(a)(1), (b)(2), and (c).

Ways, Manner, and Means of the Conspiracy

1. The purpose of the conspiracy was to obtain money for and preserve the financial resources of members of the conspiracy.

2. It was part of the conspiracy that TRAVIS C. BROWN and other members of the conspiracy recruited Jane Doe – a minor girl who had not attained the age of 18 years – to perform commercial sex acts.

3. It was further part of the conspiracy that TRAVIS C. BROWN and other members of the conspiracy rented hotel and motel rooms that were used to harbor Jane Doe, and as

locations where Jane Doe was instructed to perform commercial sex acts with customers. The hotels and motels were in and affected interstate commerce.

4. It was further a part of the conspiracy that TRAVIS C. BROWN and other members of the conspiracy obtained commercial sex customers for Jane Doe by creating and posting advertisements on an Internet site known as www.Backpage.com. Customers responded to the advertisements via telephone and were directed to the various hotels and motels where commercial sex acts took place.

5. It was further a part of the conspiracy that TRAVIS C. BROWN, and other members of the conspiracy drove, arranged transportation to, and accompanied Jane Doe to places where Jane Doe performed commercial sex acts, to places where lingerie and other items were purchased, and to other locations.

6. It was further a part of the conspiracy that TRAVIS C. BROWN, and other members of the conspiracy collected prostitution proceeds earned by Jane Doe from performing commercial sex acts.

## Overt Acts in Furtherance of the Conspiracy

During and in furtherance of this conspiracy and to effect the objects thereof, TRAVIS C. BROWN, and other members of the conspiracy knowingly performed and caused to be performed overt acts in the Eastern District of Virginia and elsewhere. These acts included the following, among others:

1. On or about March 16, 2016, TRAVIS C. BROWN picked up Jane Doe from a location in Newport News, Virginia, and transported her to a hotel in Virginia Beach, Virginia, with the intent that Jane Doe engage in commercial sex acts.

2. On or about March 16, 2016, and on other occasions during the course of the conspiracy, TRAVIS C. BROWN rented a hotel room in Virginia Beach, Virginia, that was used to harbor Jane Doe, and as a location from where Jane Doe performed commercial sex acts as instructed.

3. On or about March 18, 2016, and on other occasions during the course of the conspiracy, TRAVIS C. BROWN took photographs of Jane Doe for use in Internet advertisements for Jane Doe's commercial sex services.

(In violation of Title 18, United States Code, Section 1594(c).)

## CRIMINAL FORFEITURE

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

1. The defendant, if convicted of any of any of the violations alleged in this Criminal Information, shall forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2:

    a. Any property, real or personal, constituting or derived from, any proceeds obtained, directly or indirectly, as the result of the violation; and

    b. Any firearm or ammunition involved in or used in the violation.

2. The defendant, if convicted of any of the violations alleged in Count One of this Criminal Information, shall, in addition to the property referenced in Paragraph One of this Forfeiture Allegation, forfeit to the United States, as part of the sentencing pursuant to Federal Rule of Criminal Procedure 32.2, any property, real or personal, that was used or intended to be used to commit or to facilitate the commission of the violation.

3. If any property that is subject to forfeiture above, as a result of any act or omission of the defendant, (a) cannot be located upon the exercise of due diligence, (b) has been transferred to, sold to, or deposited with a third party, (c) has been placed beyond the jurisdiction of the Court, (d) has been substantially diminished in value, or (e) has been commingled with other property that cannot be divided without difficulty, it is the intention of the United States to seek forfeiture of any other property of the defendant, as subject to forfeiture under Title 21, United States Code, Section 853(p).

(In accordance with Title 18, United States Code, Sections 924(d)(1), 981(a)(1)(C) and 1594(d); Title 28, United States Code, Section 2461(c)).

United States v. TRAVIS C. BROWN, 2:16cr 81

DANA J. BOENTE
UNITED STATES ATTORNEY

By: *V. Kathleen Dougherty*
V. Kathleen Dougherty
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, VA 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail- v.kathleen.dougherty@usdoj.gov