IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 2:16cr81 |
| | ) | |
| TRAVIS C. BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

## POSITION OF MR. BROWN WITH RESPECT TO SENTENCING FACTORS

COMES NOW, the Defendant, Travis C. Brown, by counsel, pursuant to Rule 32 of the Federal Rules of Criminal Procedure, Section 6A1.2 of the *Sentencing Guidelines and Policy Statements*, and the Court's Sentencing Procedures Order, and hereby represents that he has reviewed the United States Probation Officer's Presentence Investigation Report. Mr. Brown has one unresolved objection to the Report. Accordingly, he respectfully states his objection and his position with respect to sentencing factors.

### Procedural Background

Mr. Brown was named in a one count Criminal Information filed by the United States Attorney's Office in the Eastern District of Virginia, Norfolk Division, on May 31, 2016. On June 7, 2016, Mr. Brown pleaded guilty, with a plea agreement, to Count One of the Criminal Information charging him with Conspiracy to Engage in Sex Trafficking of a Child, in violation of 18 U.S.C. § 1594(c). The sentencing hearing is scheduled for September 13, 2016, at 10:00 a.m.

## Unresolved Objection

A Presentence Investigation Report has been prepared and disclosed to the parties. Mr. Brown's advisory sentencing guideline range was increased based upon a two level enhancement for unduly influencing a minor, pursuant to USSG § 2G1.3(b)(2)(B) (Presentence Investigation Report, ¶ 21). Mr. Brown submits that a supplemental pleading will be filed as it relates to the research supporting said objection. (*See* ECF #33, granting leave to file supplemental position papers on or before September 11, 2016, if "research leads to additional information which needs to be brough to the Courts attention"). Mr. Brown respectfully requests that this Honorable Court grant his objection to the Presentence Investigation Report.

## The Requested Sentence

Should this Honorable Court grant Mr. Brown's objection to the Presentence Investigation Report and find that the Total Offense Level should be 31, as opposed to 33, and further find that Mr. Brown's Criminal History Category is a II, the resulting advisory sentencing guideline range would be 121–151 months of imprisonment, as opposed to the now calculated advisory sentencing guideline range of 151-188 months. Mr. Brown respectfully requests that this Honorable Court impose a sentence of one hundred and eight months in order to comply with the statutory mandate to impose a sentence that is "sufficient by not greater than necessary" to accomplish the goals as set forth in 18 U.S.C. § 3553(a).

## THE APPROPRIATE SENTENCE IN THIS CASE

It is now well understood that the sentencing guidelines are advisory, and district courts are vested with the authority to depart or vary from a suggested range in order to achieve the goal of

arriving at a sentence that is "sufficient, but not greater than necessary," to comply with the four purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2): retribution (to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment"), deterrence, incapacitation ("to protect the public from further crimes"), and rehabilitation ("to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner"). The sufficient-but-not-greater-than-necessary requirement is often referred to as the "parsimony provision." This requirement is not just another factor to be considered along with the others set forth in 18 U.S.C. § 3553(a) — it sets an independent limit on the sentence.

Accordingly, Congress has required federal courts to impose the least amount of imprisonment necessary to accomplish the purposes of sentencing. The Court is to consider (a) the nature and circumstances of the offense and the history and characteristics of the defendant; (b) the kinds of sentences available; (c) the guideline range; (d) the need to avoid unwarranted sentencing disparities; and (e) the need for restitution.

I. **Nature and Circumstances of the Offense**

The stipulated Statement of Facts detailed in paragraph seven of the Presentence Investigation Report sufficiently sets forth the offense conduct in support of Mr. Brown's guilty plea.

Mr. Brown timely notified the United States of his intention to plead guilty thereby allowing the Government and the Court to allocate their resources efficiently. Almost immediately after he was arrested, Mr. Brown confessed to his involvement in the instant offense. He admitted in open court that he was pleading guilty because he was in fact guilty of the

criminal conduct in the instant offense. He is remorseful for his criminal behavior and he acknowledges and understands the gravity of the role that he played in the conspiracy. (Presentence Investigation Report ¶18). Lastly, Mr. Brown has fully complied with paragraph ten of the Plea Agreement (*See* ECF #24).

II. **Mr. Brown's History and Characteristics**

Mr. Brown is the youngest of three children born to his mother and the youngest of four children born to his father. Due to his mother's drug addiction, Mr. Brown lived with his father from the fourth grade until the eight grade. Aside from his mother's addiction to drugs, there was no other form of abuse in the home and he shares a close relationship with his family. (Presentence Investigation Report ¶ 41).

Mr. Brown has one child, who is three years of age. The child's mother indicated that Mr. Brown was a engaged parent, having spent a lot of time with his child prior to his arrest. (Presentence Investigation Report ¶ 44).

Thankfully, despite having a prior criminal record, Mr. Brown has never been affiliated with a gang. (Presentence Investigation Report, Page 2).

**Education:**

Unfortunately, Mr. Brown only has a ninth grade education, but informed the United States Probation Officer that he has been working to obtain his General Education Development certificate. Mr. Brown is anxious to obtain his General Education Development certificate and will fully avail himself of all educational opportunities within the Bureau of Prisons.

**Employment:**

It is without surprise that, given his lack of resources and education, Mr. Brown has not enjoyed a consistent history of gainful employment. Mr. Brown, however, is skilled in brick masonry, having learned the trade from his father, who is also skilled in brick masonry. Mr. Brown's father verified to the United States Probation Officer that upon Mr. Brown's release from incarceration, he would be able to immediately secure employment for Mr. Brown in the brick masonry field. (Presentence Investigation Report ¶ 54). There is no question that Mr. Brown could benefit greatly from vocational training while serving his sentence within the Bureau of Prisons. Mr. Brown has expressed great interest in pursuing vocational training to obtain his Commercial Driver's License and also pursue vocational training in the electrical field. (Presentence Investigation Report ¶ 50).

**Substance Abuse:**

Mr. Brown was candid with the United States Probation Officer regarding his history of substance abuse. Specifically, Mr. Brown admitted to struggling with marijuana and ecstasy use since the ninth grade, which interestingly enough is the grade in which Mr. Brown stopped attending school; the coorelation between these two facts is telling and they are clearly related. (Presentence Investigation Report ¶ 47). It is clear that Mr. Brown could benefit from substance abuse treatment and he is eager to participate in any treatment programs available within the Bureau of Prisons, specifically the Residential Drug Abuse Program.

**Reflecting The Seriousness Of The Offense, Promoting Respect For The Law,
Providing Just Punishment, Deterrence & Protecting The Public From Mr. Brown**

III. **Retribution:**

Mr. Brown is fully aware that this Honorable Court must consider the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide "just punishment." 18 U.S.C. 3353(a). With that in mind, Mr. Brown respectfully submits that a sentence of one hundred and eight months achieves these goals as said sentence is punitive in nature, addresses the seriousness of his criminal conduct and will afford Mr. Brown enough time within the Bureau of Prisons to take full advantage of education and vocational opportunities.

IV. **Deterrence:**

A sentence of one hundred and eight months is sufficient to achieve general and specific deterrence. Research indicates that increases in the *severity* of punishment are far less important to producing deterrent effects than the *certainty* of punishment (if severity is relevant at all). *See* Wright, *Deterrence in Criminal Justice: Evaluating Certainty vs. Severity of Punishment*, 1. Indeed, virtually no empirical data suggests that harsher (more lengthy) sentences achieve better general deterrence than moderate sentences. After reviewing the available evidence on whether harsher sentences deter, Professor Doob asked and answered the following question:

> Can we conclude that variation in the severity of sentences would have differential (general) deterrent effects? Our reply is a resounding no. We could find no conclusive evidence that supports the hypothesis that harsher sentences reduce crime through the mechanism of general deterrence. Particularly given the significant body of literature from which this conclusion is based, the consistency of the findings over time and space, and the multiple measures and methods employed in the research conducted, we would suggest that a stronger conclusion is warranted. More specifically, the null hypothesis that variation in sentence severity

> does not cause variation in crime rates should be conditionally accepted.

Anthony N. Doob & Cheryl Marie Webster, *Sentence Severity and Crime: Accepting the Null Hypothesis*, 30 Crime & Just. 143, 187 (2003). Indeed, "[t]he findings regarding general deterrence are relatively settled":

> The existing data show that in the absence of the threat of punishment for criminal conduct, the social fabric of society would readily dissipate; crime would escalate and overwhelmingly frustrate the capacity of people to lead happy and fulfilled lives. Thus, general deterrence works in the absolute sense: there is *a connection* between criminal sanctions and criminal conduct. However, there is insufficient evidence to support a direct correlation between higher penalties and a reduction in the crime rate.… It is counter-intuitive to suggest that higher penalties will not reduce the crime rate. However, the evidence is relatively definitive.

Mirko Bagaric, *A Rational Theory of Mitigation and Aggravation in Sentencing: Why Less Is More When It Comes to Punishing Criminals*, 62 Buff. L. Rev. 1159, 1202-03 (2014) (footnotes omitted). In sum, "studies repeatedly show that awareness of potentially severe sanctions does not produce less crime." *Id.*, at 1203. So general deterrence "does not require a particularly burdensome penalty, merely one that people would seek to avoid," which "could be satisfied by a fine or a short prison term." *Id.* at 1205.

Accordingly, there is simply no basis upon which to conclude that a sentence of one hundred and eight months is not sufficient to achieve general and specific deterrence. This will be the longest period of incarceration that Mr. Brown has served. Additionally, once he is released from incarceration, there will be significant restraints in place to ensure his full compliance with the terms and conditions of Supervised Release, to include his registration as a convicted sex offender.

V. **Incapacitation:**

Mr. Brown is also fully aware that the sentence imposed must take into account the need to protect the public from further crimes of Mr. Brown. He respectfully submits that in light of the period of incarceration with which he is facing and his removal from the public for this period of time, coupled with the educational and vocational resources with which he will arm himself while in custody, that upon his release, the public shall be protected from any further crimes of Mr. Brown.

VI. **Rehabilitation:**

Mr. Brown fully understands that the need for the sentence imposed must address the need to provide him with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner. With that understanding in mind, Mr. Brown is completely and totally amenable to any and all educational and vocational opportunities as well as any substance abuse treatment available to him within the Bureau of Prisons. Mr. Brown is prepared to take full advantage of every rehabilitative opportunity afforded to him while in custody.

**CONCLUSION**

Giving full consideration to the facts and argument above, Mr. Brown respectfully requests that this Honorable Court impose a sentence not greater than one hundred and eight months. Any sentence in excess of said sentence would be greater than necessary to achieve the policy purposes of sentencing.

Respectfully submitted:

TRAVIS C. BROWN

By: /s/
Of counsel

Kirsten R. Kmet
Assistant Federal Public Defender
Attorney for Travis C. Brown
Virginia State Bar No. 47786
Office of the Federal Public Defender
150 Boush Street, Suite 403
Norfolk, Virginia 23510
(757) 457-0850
(757) 457-0880 (telefax)
Email: kirsten_kmet@fd.org

**CERTIFICATE OF SERVICE**

I certify that on this 6th day of September 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to:

V. Kathleen Dougherty, Esquire
Assistant United States Attorney
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Telephone: (757) 441-6331
Email: v.kathleen.dougherty@usdoj.gov

I further certify that I will send a copy of the foregoing via electronic mail to the following non-filing user:

Karen R. Franklin
United States Probation Officer
827 Diligence Drive, Suite 210
Newport News, Virginia 23606
Email: karen_franklin@vaep.uscourts.gov

                                              /s/
                                       Kirsten R. Kmet
                                       Assistant Federal Public Defender
                                       Attorney for Travis C. Brown
                                       Virginia State Bar No. 47786
                                       Office of the Federal Public Defender
                                       150 Boush Street, Suite 403
                                       Norfolk, Virginia 23510

(757) 457-0850  
(757) 457-0880 (telefax)  
Email: kirsten_kmet@fd.org